## No. 1,339.

### CHARLES A. McGOWEN VS. MORGAN'S LOUISIANA AND TEXAS RAILROAD AND STEAMSHIP COMPANY.

1. Railroad companies have the right to adopt reasonable regulations as to the method of paying fares by passengers, and may discriminate between fares paid for tickets at stations and those paid in the cars.

2. A regulation requiring passengers who board the cars without purchasing tickets to pay twenty-five ceets extra, is not unreasonable.

3. A passenger who refuses to comply with such regulation may be lawfully ejected in a a proper manner and at a proper place.

4. Eexempting from such regulation passengers who board the train at stations where tickets are not on sale, is just and does not invalidate the regulation as to other passengers.

5. The fact that the company gives a draw-back coupon for the extra fare on which the passenger may collect it back from any agent at a station, does not affect the validity of the regulation.

6. The regulation, being ancient and public, is presumed to be the act of the corporation, and the plaintiff has no right to question the fact or method of its adoption.

APPEAL from the Twenty-first District Court, Paris of Iberia. Mouton, J.

L. O. Hacker and Foster & Mentz for Plaintiff and Appellee.

D. Caffery for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J. There is no dispute as to the substantial facts of the case.

The suit is for damages for wrongful ejection of plaintiff from the cars of defendant on which he was a passenger. Plaintiff, having failed to purchase a ticket at the station where he entered the car, tendered the conductor the regular rate of fare to his point of destination, which the conductor refused and demanded twenty-five cents additional, and upon plaintiff's refusal, he was ejected from the car. No serious complaint is made as to the manner or place of the ejection. These were civil and reasonable, unaccompanied by unnecessary violence. The question is as to the right of ejection itself.

The defendant company sets up as its justification, a regulation adopted by its management requiring passengers to procure tickets before boarding the train or, in default, to pay twenty-five cents *extra*, for which extra charge a drawback or duplex coupon was given, collectible from any agent at any station of the line.

This regulation had been in force for a number of years, and printed notices of it had been posted in every coach and in every office of the company.

We think it is no concern of plaintiff how the corporation acted in adopting this regulation. The corporation is shown to have published and acted on it for eight years, and it sanctions it by its pleading in this

case. It must be treated as a regulation of the corporation, and the only question is as to its legality and reasonableness.

The question is by no means new. We consider it well settled that railroad companies have the right to adopt reasonable rules as to the method of paying fares by passengers, and to discriminate between fares paid in the cars and at stations, and to remove from the cars, in a proper manner and at a proper place, persons who refuse compliance with such regulations. Redfield vs. Railways, pp. 98, 112; Hutchinson on Carriers, p. 459; Thompson on Carriers, p. 341; Am. and Eng. R. R. Cases, p. 267.

Mr. Hutchinson says : "It has been repeatedly held that a regulation or by-law is not unreasonable which provides that when tickets are not procured before the commencement of the journey, which puts the company to the inconvenience of collecting from the passenger his fare during the progress of the journey, the price of this carriage shall be more than would have been charged for the ticket, and that upon refusal of the passenger to pay the higher fare, he shall be ejected. And if adopted in good faith and with a view to facilitate the business of the carriers, there can be certainly nothing unreasonable or unjust in such rules." Hutchinson on Carriers, p. 459.

The reasonableness of requiring passengers to procure tickets before entering the cars as saving the time and trouble of conductors in taking fares and making change, which would be almost impracticable where the travel was large and the stoppages frequent, is certainly patent; and the enforcement of such requirements by regulations making it to the interest of passengers to comply with them and recouping the company for the extra service imposed on the employees by neglecting them, is the only practicable method of enforcing them.

We think the regulation here involved is both uniform and reasonable. Counsel for plaintiff assails its propriety on several grounds:

1. That it requires the passenger to pay the same amount extra without regard to the amount of his regular fare. The inconvenience to the carrier resulting from the failure to buy a ticket is the same whether the distance travelled be long or short, and as this is the ground of the extra charge the uniformity seems eminently just.

2. He complains that the regulation is enforced as against passengers boarding the train at certain stations and not at others. But the only stations exempted are those at which there are no offices for the sale of tickets. What could be more just?

3. He says the extra amount is not properly an extra charge but a *forced loan* levied on the passenger. If the company would have

the right to exact the extra fare, surely the passenger is not injured because it repays it to him.

4. He says it is evident the regulation does not diminish the inconvenience occasioned to the conductor, but increases it, because, under it, not only has the conductor to make change, but he incurs the additional trouble of furnishing the return coupon. This is true as to each particular case, but the object and effect of the regulation is to diminish the number of cases, which it undoubtedly accomplishes.

We think plaintiff's action has no legal foundation.

It is, therefore, ordered and decreed that the judgment appealed from be annulled and reversed; and it is now adjudged and decreed that there be judgment in favor of defendant and rejecting plaintiff's demand at his cost in both courts.